Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHRISTINA D. PACE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

MATTHEW A. MAHONEY,               )
                                  )
    Appellant-Defendant,          )
                                  )
        vs.                )     No. 84A01-1405-CR-191
                                  )
STATE OF INDIANA,                 )
                                  )
    Appellee-Plaintiff.           )

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable David R. Bolk, Judge
Cause No. 84D03-1304-FB-1015

**November 10, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Matthew Mahoney appeals his sentence following his convictions for three counts of sexual misconduct with a minor, as Class B felonies; sexual misconduct with a minor, as a Class C felony; vicarious sexual gratification, as a Class D felony; child solicitation, as a Class D felony; and dissemination of matter harmful to minors, a Class D felony; after he pleaded guilty as charged. Mahoney presents a single issue for our review, namely, whether his sentence is inappropriate under Indiana Appellate Rule 7(B).

We affirm.

## FACTS AND PROCEDURAL HISTORY

From July 15, 2012, through March 23, 2013, Mahoney, a youth pastor at Good Shepherd Baptist Church ("the Church") in Vigo County, and his wife hosted fourteen-year-old A.B., a member of the Church, overnight at their home on most Friday nights. Mahoney, both with and without his wife's participation, engaged in frequent sexual activities with A.B., including sexual intercourse. On April 3, 2013, the State charged Mahoney with three counts of sexual misconduct with a minor, as Class B felonies; sexual misconduct with a minor, as a Class C felony; vicarious sexual gratification, as a Class D felony; child solicitation, as a Class D felony; and dissemination of matter harmful to minors, a Class D felony. And on March 4, 2014, Mahoney pleaded guilty as charged without a plea agreement.

At sentencing, the trial court identified the following mitigators: Mahoney's guilty plea without the benefit of an agreement; his cooperation with police; and his insignificant criminal history. And the trial court identified the following aggravators: the harm suffered by the victim was significant and greater than the elements necessary to

2

prove the commission of the offenses; and Mahoney was in a position of trust with the victim. The trial court found that the aggravators outweighed the mitigators and imposed an aggregate twelve-year sentence with ten years executed and two years suspended to probation. This appeal ensued.

## DISCUSSION AND DECISION

Mahoney purports to appeal his sentence under Indiana Appellate Rule 7(B), but he makes no cogent argument regarding the nature of the offenses or his character. See Ind. Appellate Rule 46(A)(8)(a). Instead, we read Mahoney's contentions on appeal to amount to a request that we review the weight the trial court assigned to the mitigators and aggravators in imposing his sentence. But in Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007), clarified on other grounds on reh'g, 875 N.E.2d 218 (Ind. 2007), our supreme court held that, "[b]ecause the trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence, unlike the pre-Blakely statutory regime, a trial court cannot now be said to have abused its discretion in failing to 'properly weigh' such factors." Thus, we will not review the trial court's weighing of aggravators and mitigators here.

To the extent Mahoney challenges his sentence under Indiana Appellate Rule 7(B), we set out the applicable standard of review. Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). Id. Revision of a sentence under Appellate Rule 7(B) requires the appellant

3

to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character. See App. R. 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

The Indiana Supreme Court has also stated that "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. See id. at 1224. The principal role of appellate review is to attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

Mahoney, a youth pastor, took advantage of his position of trust with a young member of his church and sexually abused her over the course of several months. His sentence is not an outlier. Mahoney's aggregate twelve-year sentence is not inappropriate in light of the nature of the offenses and his character.

Affirmed.

BAILEY, J., and PYLE, J., concur.

4